J-A11027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.                        :
:
:
TROY DONALD TROUP, JR.       :
:
Appellant      :    No. 1586 MDA 2023

Appeal from the PCRA Order Entered June 6, 2023
In the Court of Common Pleas of Schuylkill County
Criminal Division at No:  CP-54-CR-0001812-2020

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:          **FILED OCTOBER 28, 2024**

Appellant, Troy Donald Troup, Jr., appeals from the October 9, 2023 order which denied his request for reconsideration[1] of the June 6, 2023 order denying his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate the June 6, 2023, order and remand for proceedings consistent with this memorandum.

The underlying facts are not in dispute.  On May 14, 2021, Appellant pleaded *nolo contendere* to two counts of aggravated indecent assault of a child, two counts of corruption of minors, and one count of indecent exposure. In exchange for his plea, the Commonwealth dismissed six remaining counts. On November 1, 2021, Appellant was sentenced to an aggregate term of five to ten years of incarceration in a state correctional institution and ten years

---

[1] As explained, **infra**, the PCRA court treated this request for reconsideration as a post-sentence motion.

of consecutive probation. The parties stipulated that Appellant qualified as a sexually violent predator ("SVP"). No direct appeal was taken.

On November 21, 2022, Appellant filed a timely *pro se* PCRA petition. He claimed he was eligible for relief because: (1) trial counsel was ineffective by coercing him to plead *nolo contendere*; (2) trial counsel was ineffective because he denied Appellant's request to attend his SOAB interview; (3) trial counsel was ineffective by stipulating to Appellant's SVP status; (4) the Commonwealth failed to present sufficient evidence to prove that he qualified as a SVP; and (5) his sentence was excessive. ***See*** PCRA Petition, 11/21/22, at 2 (unpaginated).

Karen L. Domalakes, Esquire, was appointed as PCRA counsel. Attorney Domalakes filed an amended PCRA petition on January 24, 2023, and asserted the following claims: (1) Appellant was coerced into entering a plea; (2) Appellant "identified issues that may entitle him to relief" and he was "not advised of [these issues]" prior to the plea; and (3) trial counsel was ineffective for failing to attend the SOAB interview. ***See*** Amended PCRA Petition, 1/24/23, at ¶¶ 7-10. Additionally, the amended petition included the following averment: "After various conversations with [Appellant] he has written his own Amended PCRA [petition] as attached as Exhibit "A", which counsel incorporates herein, and which he has already filed with the Clerk of Courts." ***Id.***, ¶ 11.

Appellant raised the following *pro se* claims in Exhibit "A": (1) trial counsel was ineffective by coercing him to plead guilty; (2) trial counsel was

ineffective for not raising issues regarding his plea on direct appeal; (3) the trial court lacked jurisdiction to entertain the plea because there was no evidence to support a plea to aggravated indecent assault; (4) the trial court lacked jurisdiction because the alleged conduct occurred beyond the statute of limitations; (5) trial counsel was ineffective for not challenging the trial court's jurisdiction; (6) trial counsel was ineffective for not filing a post sentence motion challenging the legality of his plea; (7) trial counsel was ineffective for stipulating to the SVP designation; and (8) trial counsel was ineffective for failing to assert a challenge to the constitutionality of the Sexual Offenders Notification and Registration Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.42. *Id.*, at Exhibit A.

Subsequent to filing an amended PCRA petition, Attorney Domalakes filed a motion to withdraw and asserted that Appellant's claims were without merit. The PCRA court denied counsel's motion to withdraw and noted that Appellant raised a claim of trial counsel's ineffectiveness which warranted a hearing. An evidentiary hearing was held on May 4, 2023, wherein trial counsel, Eric Harakal, Esquire, testified. On June 6, 2023, the PCRA court denied Appellant relief and dismissed his PCRA petition. On June 16, 2023, Attorney Domalakes filed a second motion to withdraw as counsel, which was denied on July 6, 2023.

On July 7, 2023, Appellant filed a *pro se* motion for reconsideration of the order dismissing his PCRA petition. The same day, Attorney Domalakes filed a motion for extension of time to file for reconsideration, which was

granted. On July 10, 2023, Attorney Domalakes filed a *nunc pro tunc* motion for reconsideration and a third motion to withdraw as counsel. In the *nunc pro tunc* motion for reconsideration, Attorney Domalakes asserted that there was a breakdown in the judicial process because Appellant did not receive notice of his right to appeal pursuant to Pa.R.Crim.P. 908(E).[2] The motion also stated that Appellant prepared his own motion for reconsideration, attached it as an exhibit, and requested a ***Grazier***[3] hearing.

On October 9, 2023, following a hearing, the PCRA court issued an order stating that it treated Appellant's *nunc pro tunc* motion for reconsideration as a post-sentence motion, denied the motion, and advised Appellant that he had thirty days to file an appeal. The order also noted that while a ***Grazier*** hearing was scheduled, Appellant stated that he did not wish to proceed *pro se* and wanted continued representation.

On October 26, 2023, Attorney Domalakes filed a fourth motion to withdraw. Following a second ***Grazier*** hearing, on November 17, 2023, the PCRA court granted Attorney Domalakes motion to withdraw and instructed Appellant that he may file a *nunc pro tunc* appeal of the October 9, 2023 order denying his *nunc pro tunc* motion for reconsideration of the dismissal of his PCRA petition. The order did not state whether Appellant was eligible for

---

[2] Rule 908 requires the PCRA court to "advise the defendant of the right to appeal from the final order disposing of the [PCRA] petition and of the time limits within which the appeal must be filed." Pa.R.Crim.P. 908(E).

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988).

representation or that he wished to proceed *pro se*. On November 20, 2023, Appellant filed a *pro se nunc pro tunc* motion to find PCRA counsel ineffective, for reconsideration of the dismissal of his PCRA petition, and a notice of appeal. On December 11, 2023, the PCRA denied Appellant's *nunc pro tunc* motion.

On appeal, Appellant raises the following issues for our review:

1. Whether the PCRA court erred and abused its discretion in failing to consider the Commonwealth's failure to meet, nor insure [sic] that Appellant was aware of, every element of the aggravated indecent assault crime of violence, renders the plea of guilty invalid, where 18 [Pa.C.S.A.] § 3125 is unconstitutionally vague, as applied to him . . .

2. Whether the PCRA court erred and abused its discretion when, in relation to the Commonwealth's failure to assert nor support any claim pre-plea that negatives a defense to any crime alleged, possessing a two-year statute of limitations, the court belatedly relied on the rule of repose under the unconstitutionally vague 42 [Pa.C.S.A.] § 5552(c)(3) . . .

3. Whether this matter should be remanded to the PCRA court to conduct an evidentiary hearing on PCRA counsel's ineffectiveness for failing and refusing to advocate the forgoing claims that entitle Appellant to PCRA relief as a matter of law, lest the right to PCRA counsel be rendered meaningless and unenforceable.

Appellant's Brief at 4-5.

Preliminarily, we find we must address a number of procedural problems that affect our jurisdiction before the merits of this appeal may be considered. ***See Commonwealth v. James***, 69 A.3d 180, 184 (Pa. 2013) ("this Court may raise the issue of jurisdiction *sua sponte*").

- 5 -

Jurisdiction is vested in this Court upon the filing of a timely notice of appeal. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*), *appeal denied*, 882 A.2d 477 (Pa. 2005). On June 6, 2023, the PCRA court denied PCRA relief. Appellant had 30 days from entry of this order in which to file a timely notice of appeal. Pa.R.A.P. 903(a). PCRA counsel filed a motion to withdraw on June 16, 2023, that was denied on the last day to appeal, July 6, 2023. No notice of appeal was filed. Ordinarily, at this juncture we would conclude that this appeal, filed on November 20, 2023, should be dismissed as untimely. As will be explained, **infra**, we decline to do so in light of a breakdown in the judicial process committed at the PCRA court level.

Continuing, on July 7, 2023, Appellant, acting *pro se*, filed a motion for reconsideration of the June 6, 2023 order denying his petition. The petition for reconsideration was untimely, having been filed more than 30 days after the June 6, 2023 order denying relief.[4] The PCRA court lost jurisdiction to amend its order after 30 days pursuant to 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed"). Likewise, Attorney Domalakes' July 7, 2023, attempt to seek an extension of time in which to file for reconsideration was a nullity, since the PCRA court was

---

[4] Moreover, Appellant was represented by counsel and hybrid representation is prohibited. Pa.R.Crim.P. 576(a)(4); **see also Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993).

without jurisdiction to grant reconsideration. *Id.* Moreover, to extend the time for filing an appeal, the trial court must grant reconsideration of a timely filed motion within the 30 days to appeal and do so in an order expressly granting reconsideration. Pa.R.A.P. 1701(b)(3)(ii). Not only did the PCRA court not grant reconsideration within the 30 day period for an appeal, but Attorney Domalakes' reconsideration motion was not even a motion for reconsideration. Rather, it only was a motion to extend the time to grant reconsideration. The PCRA court was without jurisdiction to grant reconsideration and therefore, its order extending the time in which to file for reconsideration (nonetheless to grant reconsideration), was a legal nullity.

On July 10, 2023, after the PCRA court no longer had jurisdiction, Attorney Domalakes filed a *nunc pro tunc* motion for reconsideration and a fifth motion to withdraw as counsel. In her motion for reconsideration, Attorney Domalakes pled that neither the June 6, 2023 order, nor the letter she sent to Appellant with the court order, contained a notice advising Appellant of his appeal rights as required under Pa.R.Crim.P. 908(E).[5] Counsel's motion also stated that Appellant prepared his own motion for reconsideration, attached it as an exhibit, and requested a *Grazier* hearing.

---

[5] Rule 908 requires the PCRA court to "advise the defendant of the right to appeal from the final order disposing of the [PCRA] petition and of the time limits within which the appeal must be filed." Pa.R.Crim.P. 908(E).

- 7 -

Despite acting without jurisdiction, the PCRA court, following an October 9, 2023, hearing, treated Appellant's *nunc pro tunc* motion for reconsideration as a post-sentence motion, denied the motion, and advised Appellant he had 30 days to appeal. Even if the PCRA court had jurisdiction to act, what occurred was procedurally improper. Our rules do not provide for the filing of post-sentence motions to the denial of PCRA relief, **see** Pa.R.A.P. 910 (an order denying PCRA relief shall constitute a final order for appeal purposes), unless of course relief is granted in the nature of resentencing to which a timely motion to modify must be filed if the sentence is to be challenged. **See Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (finding PCRA court's order "ended collateral proceedings and called for a new sentencing proceeding, which is a trial court function, not a collateral proceeding function"). Rather, the PCRA should have treated the *nunc pro tunc* motion for reconsideration as a second or subsequent PCRA petition, since the relief requested – ineffectiveness of counsel - is cognizable under the PCRA. **See Commonwealth v. Fantauzzi**, 275 A.3d 986, 995 (Pa. Super. 2022), *appeal denied*, 289 A.3d 41 (Pa. 2022) ("regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA").

Nonetheless, upon taking notice of the record in this case, we conclude a breakdown in the judicial process occurred here that allows this Court to accept this untimely appeal as if it were timely filed.[6]

Our appellate courts have held that a breakdown in the judicial process occurs where a court fails to advise, or misadvises, a defendant of their post-sentence and appellate rights. *See Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019), *appeal denied,* 235 A.3d 1073 (Pa. 2020) (holding trial court's "misstatements as to the manner that Appellant could effectuate an appeal from the PCRA court's order amount to a breakdown in court operations"); *Commonwealth v. Flowers*, 149 A.3d 867, 872 (Pa. Super. 2016) (finding a breakdown in judicial process where trial court failed to correct counsel's misstatement regarding the deadline for filing an appeal and incorrectly provided that appellant had an additional thirty-day appeal period from order denying motion for reconsideration); *Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) ("we decline to quash this appeal because [the late filing] resulted from the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation"). Here, we conclude a breakdown in the judicial process occurred when

---

[6] Generally, an appellate court cannot extend the time for filing an appeal. *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008). However, "this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Id.*

Appellant was not properly advised of his appeal rights after his PCRA petition was denied on June 6, 2023. In her flawed petition for reconsideration, Attorney Domalakes pled that neither the June 6, 2023 order, nor the letter she sent to Appellant with the court order, contained a notice advising Appellant of his appeal rights as required under Pa.R.Crim.P. 908(E). Under these circumstances, this Court has concluded that the failure to properly advise a defendant of their appeal rights permits the granting of *nunc pro tunc* relief to permit us to consider the merits of an otherwise untimely appeal. ***See Stansbury, supra.***; ***Parlante, supra.*** It is upon this basis that we now do so.

Despite concluding that this appeal may be heard on a *nunc pro tunc* basis, we regret that we also must conclude that we are constrained from addressing its merits because Appellant was not afforded proper representation on this, his first PCRA petition.

It is well-established that a petitioner has a rule-based right to counsel in litigating a first PCRA petition through the entire appellate process. Pa.R.Crim.P. 904(C); ***Commonwealth v. Cherry***, 155 A.3d 1080, 1082 (Pa. Super. 2017) (citation omitted). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." ***Cherry***, 155 A.3d at 1082 (citation omitted).

Once appointed, PCRA counsel's duty is to either (1) amend the petitioner's *pro se* petition and present the claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner/Finley**.[7] *Id.* at 1083. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." *Id.* "It is incumbent upon counsel to examine the merits of the *pro se* claims and determine whether those issues are worth pursuing in an amended petition. Thus, the *pro se* claims could not be merely incorporated, and, in turn, are waived on appeal." **Commonwealth v. Johnson**, 179 A.3d 1153, 1157 (Pa. Super. 2018).

As stated, Attorney Domalakes filed an amended PCRA petition and claimed that (1) Appellant was coerced into entering a plea; (2) Appellant "identified issues that may entitle him to relief" and he was "not advised of [these issues]" prior to the plea; and (3) trial counsel was ineffective for failing to attend the SOAB interview. **See** Amended PCRA Petition, 1/24/23, at ¶¶ 7-10. Additionally, as previously stated, the amended petition included the following averment: "After various conversations with [Appellant] he has written his own Amended PCRA [petition] as attached as Exhibit "A", which counsel incorporates herein, and which he has already filed with the Clerk of Courts." *Id.*, ¶ 11. Counsel's attempt to incorporate by reference Appellant's

---

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)

amended *pro se* claims was procedurally improper as hybrid representation and fell far short of counsel's obligation to independently review and preserve issues on Appellant's behalf. We have explained,

> Counsel's attempt to incorporate by reference, without any further explanation or elaboration upon the legal validity of such claims, amounts to hybrid representation, which is not permitted. **See Commonwealth v. Tedford**, 960 A.2d 1, 10 n.4 ([Pa.] 2008) ("[A] criminal defendant currently represented by counsel is not entitled to 'hybrid representation' – i.e., he cannot litigate certain issues *pro se* while counsel forwards other claims.") (citations omitted); **Commonwealth v. Markowitz**, 32 A.3d 706, 713 n.5 (Pa. Super. 2011) ("[T]he PCRA court is only permitted to address issues raised in a counseled petition.") (citations omitted).

**Johnson**, 179 A.3d at 1157. The fact that the PCRA court addressed Appellant's *pro se* claims is of no moment. As this Court in **Commonwealth v. Kelsey**, 206 A.3d 1135 (Pa. Super. 2019) held:

> We recognize that the PCRA court conducted an independent review of the claims that it believed were asserted in the PCRA petition and that its review went beyond PCRA counsel's inadequate no-merit letter. The error here, however, is the denial of the assistance of counsel, not the sufficiency of the PCRA court's opinion or whether Appellant's claims in his PCRA petition are meritorious. Even where a *pro se* first PCRA petition appears on its face to be meritless, the defendant is entitled to representation by counsel before that determination is made.

**Kelsey**, 206 A.3d at 1140 (citations omitted).

We also observe that counsel's attempt to withdraw from representation was procedurally flawed.

Prior to the PCRA court ruling on the amended PCRA petition, Attorney Domalakes filed a motion to withdraw pursuant to **Finley** on April 11, 2023.

Counsel's obligations in filing a no-merit letter and motion to withdraw under

***Turner/Finley*** are as follows:

> If PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. When PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy the three mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

***Kelsey***, 206 A.3d at 1139 (citations omitted).

In the April 11, 2023, motion to withdraw, Attorney Domalakes identified three issues: (1) the trial court lacked jurisdiction over the plea because there was no allegation of serious bodily injury; (2) that the plea was invalid as to any counts with a two-year statute of limitations; and (3) that SORNA was unconstitutional. Motion to Withdraw, 4/11/23, at 2-3 (unpaginated). With very little to no analysis, Attorney Domalakes concluded that none of the issues have merit. Attached to the motion was a copy of a letter wherein Attorney Domalakes provided Appellant with a copy of the motion to withdraw and stated, "I have filed to withdraw as counsel because, as we discussed, aggravated indecent assault does not necessitate serious bodily injury or the threat thereof, the statute of limitations is not only 2 years

- 13 -

and SORNA has not been overturned." ***Id.***, Exhibit A. Attorney Domalakes' April 11, 2023, motion to withdraw was seriously deficient. Notably, Attorney Domalakes failed to include a proper no-merit letter as required by ***Turner***/***Finley***. Counsel failed to state the nature and extent of her review of Appellant's case, each issue that Appellant wished to raise, and an explanation of why each issue was meritless.

In addition to the jurisdictional issues and others discussed above, we are obliged to conclude that Appellant was deprived of his right to counsel in litigating his first PCRA petition when (1) Attorney Domalakes failed to conduct an independent review of Appellant's *pro se* claims and filed an improper and inadequate amended PCRA petition and (2) Attorney Domalakes, after filing an amended PCRA petition, filed an inadequate and deficient ***Turner***/***Finley*** motion to withdraw. Therefore, we vacate the June 6, 2023, order and remand to the PCRA court for appointment of new PCRA counsel. On remand, new counsel is to file an amended PCRA petition. Alternatively, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may move to withdraw by, *inter alia*, filing a proper no-merit letter under ***Turner***/***Finley***

that addresses all potential issues, including those raised in Appellant's amended PCRA petition. ***See Kelsey, supra***.[8]

Order vacated. Case remanded with instructions to appoint new PCRA counsel and to conduct proceedings anew on Appellant's PCRA claims. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/28/2024</u>

---

[8] Based on our disposition, we do not reach Appellant's claim of ineffectiveness of PCRA counsel pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).